## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONAH T. WAMAH, SR. : <br> 1625 S. 56TH Street : <br> Philadelphia, PA 19141 : <br>         Plaintiff : <br> : <br> VS. : <br> : <br> : <br> DARBY BOROUGH : <br> 821 Summit Street : <br> Darby, PA 19023 : <br> And : <br> : <br> ROBERT F. SMYTHE : <br> CHIEF OF POLICE, DARBY : <br> BOROUGH POLICE DEPARTMENT : <br> Individually and in his official capacity as the : <br> Darby Chief of Police : <br> 821 Summit Street : <br> Darby, PA 19023 : <br> And : <br> : <br> DARBY BOROUGH POLICE OFFICER SELIMIS : <br> BADGE NO/OFFICER I.D. NO. MO34110A : <br> Individually and in his official capacity as a : <br> Darby police officer : <br> 821 Summit Street, Darby, PA 19023 : <br> And : <br> : <br> UNKNOWN DARBY BOROUGH POLICE OFFICER : <br> JANE DOE : <br> Individually and in her official capacity as a : <br> Darby police officer : <br> 821 Summit Street, Darby, PA 19023 : <br> And : <br> : <br> UNKNOWN DARBY BOROUGH POLICE OFFICER: <br> JOHN DOE, NO. 1 : <br> Individually and in his official capacity as a : <br> Darby police officer : <br> 821 Summit Street, Darby, PA 19023 : | CIVIL ACTION <br><br> NO. <br><br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| And | : |
| | : |
| UNKNOWN DARBY BOROUGH POLICE OFFICER | : |
| JOHN DOE, NO. 2 | : |
| Individually and in his official capacity as a | : |
| Darby police officer | : |
| 821 Summit Street, Darby, PA 19023 | : |
| And | : |
| | : |
| UNKNOWN DARBY BOROUGH POLICE OFFICER | : |
| JOHN DOE, NO. 3 | : |
| Individually and in his official capacity as a | : |
| Darby police officer | : |
| 821 Summit Street, Darby, PA 19023 | : |
| Defendants | : |

## CIVIL COMPLAINT

1.  This is an action for money damages to redress the deprivation by the Defendants of rights secured to the Plaintiff by the Constitution and laws of the United States and the Commonwealth of Pennsylvania. The Defendants unlawfully and falsely arrested Plaintiff Jonah Wamah. The Defendants also used excessive force against him falsely imprisoned him and intentionally inflicted emotional distress upon him.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon §§1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) and to hear and adjudicate state law claims.

## VENUE

3.  Pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), the venue of this suit is proper in this district in that the claim arose within the Eastern District of Pennsylvania.

**PARTIES**

4.     Plaintiff Jonah Wamah is an adult individual and United States citizen who at all times relevant to this complaint resides at the above-captioned address in the City and County of Philadelphia, Pennsylvania.

5.     Defendant Darby Borough is a municipality of the Commonwealth of Pennsylvania, which owns, operates, manages, directs and controls the Darby Borough Police Department, which employs all the individual Defendants.

6.     Defendant Robert F. Smythe, is the Chief of Police of the Darby Borough Police Department. He supervises, manages, trains and formulates policy for the Darby Borough Police Department.  Defendant Smythe is being sued both in his official capacity as the Chief of Police and in his individual capacity.

7.     Defendant Darby Borough Police Officer Selimis (first name unknown) Badge No./Officer I.D. No. M034110A was, at all times relevant to this complaint, a Darby Borough police officer acting under color of state law.  He is being sued in both his official capacity as a Darby Borough police officer and in his individual capacity.

8.     Defendant Unknown Darby Borough Police Officer Jane Doe was, at all times relevant to this complaint, a female Darby Borough police officer acting under color of state law.  She is being sued in both her official capacity as a Darby Borough police officer and in her individual capacity.

9.     Defendant Unknown Darby Borough Police Officer John Doe, No. 1 was, at all times relevant to this complaint, a Darby Borough police officer acting under color of state law.  He is being sued in both his official capacity as a Darby Borough police officer and in his individual capacity.

10.     Defendant Unknown Darby Borough Police Officer John Doe, No. 2 was, at all times relevant to this complaint, a Darby Borough police officer acting under color of state law. He is being sued in both his official capacity as a Darby Borough police officer and in his individual capacity.

11.     Defendant Unknown Darby Borough Police Officer John Doe, No. 3 was, at all times relevant to this complaint, a Darby Borough police officer acting under color of state law. He is being sued in both his official capacity as a Darby Borough police officer and in his individual capacity.

12.     At all times relevant to this complaint, the Defendants acted jointly and in concert with each other. Each Defendant had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other Defendant but each Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff's injuries.

13.     At all times relevant to his complaint, the Defendants acted separately, in concert, in agreement and in conspiracy with each other and others to deprive Plaintiff of his constitutional and statutory rights.

## **FACTS**

14.     Plaintiff incorporates above paragraphs one through thirteen herein as fully as if set forth hereafter.

15.     On September 17, 2004, between 6 p.m. and 7 p.m., Plaintiff was talking to his friend, Alfred Bedell, outside of 933 Main Street, Darby, Pennsylvania when Defendant Officer Selimis and Defendant Officer Jane Doe approached the two of them.

16.     Defendants Officer Selimis and Officer Jane Doe then asked Plaintiff and his friend what they were doing at that location.

17. In response, Mr. Bedell replied that they were just talking.

18. Defendant Officer Selimis then ordered Alfred Bedell to leave.

19. In reply, Mr. Bedell asked the officer what they did wrong.

20. Defendant Officer Selimis then became upset and ordered Mr. Bedell to put his hand on a wall.

21. Mr. Bedell then told the Plaintiff to leave.  When Plaintiff started to leave, Defendant Officer Jane Doe grabbed Plaintiff by his shirt and told him that he was not leaving.

22. Defendant Darby Borough Police Officer Jane Doe then called for back up Darby police officers.

23. Defendant Unknown Darby Borough Police Officers John Doe No. 1 and John Doe No. 2, arrived a few minutes later.

24. Then Defendants Officer Selimis, Officer Jane Doe, Officer John Doe No. 1 and Officer John Doe No. 2, then proceeded to punch, strike and otherwise assault the Plaintiff and Mr. Bedell for no legitimate or lawful reason

25. All the Defendants then took Plaintiff and Mr. Bedell into custody and transported them to the Darby Borough Police station at 821 Summit Street in Darby, PA.

26. The Defendants had no probable cause, reasonable suspicion or any other lawful reason to stop or detain Plaintiff or his friend, Alfred Bedell.

27. While at the Darby Borough Police station, Defendant Unknown Darby Borough Police Officer John Doe No. 3 pushed Plaintiff into a door and then punched him behind his neck for no legitimate or lawful reason.

28. The Defendants then charged Plaintiff with Disorderly Conduct.

29. Plaintiff was eventually acquitted of the charge in a court of law.

30.     The Defendants' stop, arrest and assault of Plaintiff was in violation of his constitutional and other legal rights.

31.     The Defendants' use of force upon the Plaintiff was excessive, unlawful, unjustified, unreasonable and unnecessary.

32.     The unlawful stop, unlawful arrest, unlawful search, use of excessive and unreasonable force and intentional infliction of emotional distress was the direct result of Defendants' pattern, practice and custom of subjecting citizens such as Plaintiff Jonah Wamah to unlawful stops, unlawful arrests, unlawful searches, use of unreasonable and excessive force and intentional infliction of emotional distress.

33.     The Defendants acted willfully, deliberately, maliciously and/or with reckless disregard of Plaintiff's constitutional and statutory rights.

34.     At no time did Defendants have reasonable suspicion or probable cause to believe that Plaintiff had committed or was committing any crime.

35.     At all times relevant hereto, Plaintiff felt harassed and intimidated by the authoritative position of Defendants.

36.     As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer, injuries which may be permanent which include, but are not limited to, great physical and mental suffering, financial loss, embarrassment and humiliation.

37.     As a direct and proximate result of the Defendants' actions, Plaintiff was deprived of his physical liberty and was forced to incur expenses all to his great detriment and loss.

38.     As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities secured to him by the United States and Pennsylvania constitutions.

## COUNT I
### Jonah Wamah v. Individual Defendants
### Federal Civil Rights Violations:
### 42 U.S.C. §1983 (violations of First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitutions)

38. Plaintiff incorporates above paragraphs one through thirty-eight herein as fully as if set forth hereafter.

39. As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff was deprived of his right to be free from assault and battery, unreasonable and excessive force, unlawful search and seizure, unlawful detention, unlawful arrest, intentional infliction of emotional distress and to be secure in his person and property and to due process of law.  As a result, Plaintiff suffered and continues to suffer harm in violation of his rights under the laws of the Constitution of the United States, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

40. As a direct and proximate result of the Defendants' acts, Plaintiff sustained physical injuries, emotional harm, loss of liberty and financial loss, all to his detriment and harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jonah Wamah, respectively requests this Honorable Court to:

a) award him general damages including, but not limited to, compensation for pain and suffering and harm to his reputation;

b) award him punitive and exemplary damages in a proper and adequate amount;

c) award him damages for emotional distress, emotional harm, humiliation, loss of self-esteem and loss of life's pleasures'

d) grant him pre-judgment interest in an appropriate amount;

e) grant him costs of litigation, disbursements and attorney's fees pursuant to 42 U.S.C. §1988.

f) grant him such other relief as is just and proper under the circumstances of this case.

## COUNT II
### Jonah Wamah v. Defendants Darby Borough and Robert F. Smythe, Chief of Police
### Federal Civil Rights Violations:
### 42 U.S.C. §1983 (violations of First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitutions and Monell Claim)

41. Plaintiff incorporates above paragraphs one through forty herein as fully as if set forth hereafter.

42. Beginning prior to September 17, 2004, Defendants Darby Borough and Robert F. Smythe, Chief of Police, have encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a) Unlawful stops, unlawful arrests, and unlawful searches and seizures by police officers;

b) Assault and battery and unreasonable and excessive force by police officers;

c) The improper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force, unlawful arrest, malicious prosecutions and violations of citizens' free speech rights, particularly in connection with perceived challenges to police authority;

    d)      The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

    e)      The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    f)      Police officers' use of their status as police officers to employ the use of excessive force and unlawful arrest, or to achieve ends not reasonably related to their police duties; and

    g)      The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented herein.

43.    The Defendants Darby Borough and Robert F. Smythe, Chief of Police have failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Darby Borough police officers, thereby causing and encouraging Darby Borough police officers, including the individual Defendants in this case, to violate the rights of citizens such as Plaintiff Jonah Wamah..

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jonah Wamah, respectively requests this Honorable Court to:

a) award him general damages including, but not limited to, compensation for pain and suffering and harm to his reputation;

b) award him punitive and exemplary damages in a proper and adequate amount;

c) award him damages for emotional distress, emotional harm, humiliation, loss of self-esteem and loss of life's pleasures'

d) grant him pre-judgment interest in an appropriate amount;

e) grant him costs of litigation, disbursements and attorney's fees pursuant to 42 U.S.C. §1988.

f) grant him such other relief as is just and proper under the circumstances of this case.

## COUNT III
### Jonah Wamah v. all Defendants
### State Law Claims:
### False Arrest, False Imprisonment, Assault & Battery, and Intentional Infliction of Emotional Distress

44. Plaintiff incorporates above paragraphs one through forty-three herein as fully as if set forth hereafter.

45. The acts and conduct of the Defendants in this cause of action constitute False Arrest, False Imprisonment, Assault & Battery, and Intentional Infliction of Emotional Distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jonah Wamah, respectively requests this Honorable Court to:

a) award him general damages including, but not limited to, compensation for pain and suffering and harm to his reputation;

b) award him punitive and exemplary damages in a proper and adequate amount;

c) award him damages for emotional distress, emotional harm, humiliation, loss of self-esteem and loss of life's pleasures'

d) grant him pre-judgment interest in an appropriate amount;

e) grant him costs of litigation, disbursements and attorney's fees'

f) grant him such other relief as is just and proper under the circumstances of this case.

Date: September 15, 2006  _____
D. LOUIS NICHOLSON, ESQUIRE
Attorney ID No. 47261
1735 Wallace Street, Ste. 201
Philadelphia, PA 19130
215-325-1466
Fax No. 215-366-2028
Attorney for Plaintiff Jonah Wamah